# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TY KEMPTON, individually,
and on behalf of all others similarly
situated,

    Plaintiff,

v.

LIFE FOR RELIEF AND
DEVELOPMENT,
a California non-profit corporation,

    Defendant.

Case No. 3:19-cv-13040

The Honorable Robert H. Cleland
Magistrate Judge Michael J. Hluchaniuk

## LIFE FOR RELIEF AND DEVELOPMENT'S MOTION TO STAY OR IN THE ALTERNATIVE TO SET A TIME TO RESPOND TO THE COMPLAINT

Defendant Life for Relief and Development ("Life for Relief") hereby respectfully moves to stay this recently transferred case pending resolution of Life for Relief's request for reimbursement of costs pursuant to FED. R. CIV. P. 41(d) for the voluntary dismissal and then re-filing the same claim by Plaintiff Ty Kempton. Life for Relief proposes herein a schedule for the parties to confer and then for Life for Relief to submit a bill of costs for consideration by this Court. In the alternative, should the Court not believe a stay is appropriate at this time, Life for Relief requests the entry of a schedule for Life for Relief to respond to the

complaint in this transferred action. The factual and legal bases for Life for Relief's Motion are explained more fully in the Brief accompanying this Motion.

Pursuant to Local Rule 7.1(a), Life for Relief's counsel contacted Plaintiff's counsel, explained the nature of and legal bases for the relief requested in this Motion, and sought but did not obtain concurrence in the relief requested.

Dated: November 7, 2019　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　By: */s/ Jacob D. Koering*

　　　　　　　　　　　　　　　　　　Thomas W. Cranmer (P25252)
　　　　　　　　　　　　　　　　　　Matthew P. Allen (P57914)
　　　　　　　　　　　　　　　　　　**MILLER, CANFIELD,**
　　　　　　　　　　　　　　　　　　　**PADDOCK AND STONE, P.L.C.**
　　　　　　　　　　　　　　　　　　840 West Long Lake Road, Suite 150
　　　　　　　　　　　　　　　　　　Troy, Michigan 48098
　　　　　　　　　　　　　　　　　　Telephone: (248) 879-2000
　　　　　　　　　　　　　　　　　　Facsimile: (248) 879-2001
　　　　　　　　　　　　　　　　　　E-Mail: cranmer@millercanfield.com
　　　　　　　　　　　　　　　　　　E-Mail: allen@millercanfield.com

　　　　　　　　　　　　　　　　　　Jacob D. Koering
　　　　　　　　　　　　　　　　　　**MILLER, CANFIELD,**
　　　　　　　　　　　　　　　　　　　**PADDOCK AND STONE, P.L.C.**
　　　　　　　　　　　　　　　　　　225 West Washington Ave., Suite 2600
　　　　　　　　　　　　　　　　　　Telephone: (312) 460-4272
　　　　　　　　　　　　　　　　　　Facsimile: (312) 460-4201
　　　　　　　　　　　　　　　　　　E-Mail: koering@millercanfield.com

　　　　　　　　　　　　　　　　　　*Attorneys for Defendant*
　　　　　　　　　　　　　　　　　　*Life for Relief and Development*

**LIFE FOR RELIEF AND DEVELOPMENT'S
BRIEF IN SUPPORT OF ITS MOTION TO STAY OR IN THE
ALTERNATIVE TO SET A TIME TO RESPOND TO THE COMPLAINT**

## I. INTRODUCTION

Proposed class action counsel, on behalf of proposed class representative Ty Kempton, filed, dismissed, and then re-filed the same case against Defendant Life for Relief and Development ("Life for Relief"). The first case, Case No. 3:18-cv-13404-RHC-SDD in this District (the "First Case"), was filed on October 31, 2018, and was based on an allegation that Plaintiff received eight texts from Life for Relief over a two-year period in violation of the Telephone Consumer Protection Act ("TCPA"). Life for Relief moved to dismiss that case, and – instead of addressing the substance of Life for Relief's motion – Plaintiff voluntarily dismissed his case. Then, less than a month later, Plaintiff filed a second action, Case No. 2:19-cv-2156, re-filing the same claim based on the same eight alleged texts in the District of Arizona (the "Arizona Case"). Because Life for Relief believed that this District was the appropriate forum for this dispute, it moved for dismissal or to transfer the Arizona Case back to this District. Finding "indications of forum shopping" by Plaintiff, the Arizona court agreed and transferred the case back to this District.

Under Rule 41(d), this Court has the power to require a plaintiff to pay the costs of a prior-filed case when the plaintiff dismisses and then re-files those same

3

claims in a second case. Here, Kempton filed claims against Life for Relief in this District for alleged violations of the TCPA, dismissed those claims in the face of a substantive motion to dismiss, and then re-filed the same claim based on the same facts in Arizona. Given the clear "indications of forum shopping" acknowledged by the Arizona court, imposition of costs and a stay until they are paid is appropriate here.

## II.     Rule 41(d)

Rule 41(d) gives this Court broad discretion to order Plaintiff to pay Life for Relief's costs and stay this case until Plaintiff does so:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
>
>    (1)   may order the plaintiff to pay all or part of the costs of that previous action; and
>
>    (2)   may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d).

## III.    IMPOSITION OF COSTS IS APPROPRIATE HERE.

The purpose of Rule 41(d) is "not only to prevent vexatious litigation, but also to prevent forum shopping, 'especially by plaintiffs who have suffered setbacks in one court and dismiss to try their luck somewhere else.'" *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 874 (6th Cir. 2000), quoting *Robinson v. Nelson*, No. 98-10802-MLW, 1999 WL 95720, at *2 (D. Mass. Feb. 18, 1999).

"Hence, Rule 41(d) is also intended to prevent attempts to 'gain any tactical advantage by dismissing and refiling th[e] suit." *Id.*, quoting *Sewell v. Wal-Mart Stores, Inc.*, 137 F.R.C. 28, 29 (D. Kan. 1991), *alterations original*.

Here, Rule 41(d) applies because Plaintiff filed, dismissed, and then re-filed the same claim against Life for Relief. In the First Case, Plaintiff asserted a single cause of action against Life for Relief for the violation of the TCPA based on eight text messages he received from "the latter part of 2017" through August, 2018. (Complaint in First Case, Docket Entry ("DE") 1, at ¶¶ 16-21; 32-35; *see also* Amended Complaint in First Case, DE 9, ¶¶ 14-18; 28-33.) Life for Relief moved to dismiss the claim under Rule 12(b)(6) for failing to state a claim under the precedent in this District. (DE 10, First Case.) Instead of addressing Life for Relief's motion, Plaintiff voluntarily dismissed his claim. (DE 14, First Case.)

Then, less than a month later, Plaintiff made the same allegations and asserted the same TCPA claim in Arizona. (Complaint the Arizona Case, DE 1, at ¶¶ 14-18; 28-32.) Life for Relief filed a motion to transfer the Arizona Case back to this District, which the Arizona court granted, resulting in the present case. (DE 24, Arizona Case; DE 1, present case.) Thus, Plaintiff's claim in this case is the same claim he filed in the First Case and voluntarily dismissed. The present case is unquestionably "based on or including the same claim against the same defendant" as the First Case, thus triggering the protections of Rule 41(d).

5

Moreover, the circumstances of the dismissal and re-filing of Plaintiff's claim demonstrate that the imposition of costs under Rule 41(d) is appropriate. While "bad faith" is not required to impose costs for a re-filed action, one purpose of the Rule is to prevent forum-shopping or tactical dismissal and re-filing. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d at 874. As the Arizona court detailed in transferring this case back to this District, that is exactly what happened here:

> [T]he facts show that Plaintiff [chose] to litigate this suit in [the] Eastern District of Michigan until he was presented with a Motion to Dismiss that pointed out the district's precedent on TCPA actions and the deficiencies in his Amended Complaint. At that point, he voluntarily dismissed his Complaint only to refile in a jurisdiction that does not have the same TCPA precedent.

(DE 24, Arizona Case, at 4-5.) Based on these facts, the Arizona court found "indications of forum shopping" and transferred the case. (*Id.*) Plaintiff's actions are thus the very definition of what the imposition of Rule 41(d) costs were intended to address.

Plaintiff's claim in this case is the same claim it previously dismissed in this District, and his dismissal was for the improper purposes of forum shopping and seeking a tactical advantage. Therefore, Rule 41(d) costs are applicable and appropriate here.

6

## IV.  A STAY AND A SCHEDULE FOR THE SUBMISSION OF COSTS IS APPROPRIATE.

When a court grants an award of costs against a Plaintiff, Rule 41 provides that the court "may stay the proceedings until the plaintiff has complied [with payment of those costs]." In fact, while the language of this rule is discretionary, "[t]he staying of suits pending the payment of costs incurred in prior actions involving the same parties and the same (or similar subject matter) is now universal." *World Athletic Sports Corp. v. Pahlavi*, 267 F. Supp. 160, 163 (S.D.N.Y. 1966), cited with favor by *Beerbower v. C.I.R.*, 811 F.2d 603 (6th Cir. 1986). Therefore, in general, if costs are to be granted, a court will stay the case until they are paid.

Here, while the parties have discussed payment of costs, no agreement has been reached as to their payment. Should this Court agree that payment of costs is appropriate here, Life for Relief requests that the court stay this case and enter a schedule to facilitate the disclosure of costs and a time for their payment. Specifically, Life for Relief proposes the following schedule:

7

 (1) Life for Relief will submit a request for costs to Plaintiff, with supporting evidence, within three weeks of entry of an order on this Motion;

 (2) If the parties cannot agree on those costs within four weeks from the date Life for Relief submits its costs and supporting evidence to Plaintiff, the parties shall submit a single, joint filing to this Court setting forth their respective positions on costs; and

 (3) The stay will remain in effect until Plaintiff pays any costs agreed to by the Parties, or until the Court enters an order resolving the issue of costs.

Life for Relief submits that this procedure will expeditiously facilitate the exchange of information between the Parties and maximize the possibility that payment of costs can be achieved without further court intervention.

## V. IN THE ALTERNATIVE, LIFE FOR RELIEF REQUESTS THE COURT ENTER A SCHEDULE FOR ITS RESPONSE TO THE COMPLAINT.

In the alternative, should the Court elect not grant Life for Relief a stay pending payment of costs from the First Case, Life for Relief requests that this Court enter a date for it to respond to the complaint that was filed in the Arizona case and transferred to this Court. This Court has the power to extend the date for a party to answer or otherwise plead in response to a complaint pursuant to Fed. R. Civ. P. 6. *See Morgan v. Gandalf, Ltd.*, 165 Fed. Appx. 425, 428-29, 2006 WL 238321 at \*\*2-3 (6th Cir. 2006). Here, given the transfer of the case and Life for Relief's request for application of costs, there is good cause for extending the date for Life for Relief to respond to the complaint. Therefore, if the Court determines a stay pending resolution of the fee issue is not warranted, Life for Relief requests

8

this Court set the time for it to respond to the complaint to thirty (30) days from the date the Court enters an order on this Motion.

## VI. RELIEF REQUESTED

For the reasons set forth herein, Life for Relief respectfully asks the Court to enter an Order staying this case and setting the following schedule to determine Life for Relief's costs pursuant to Rule 41(d):

1. Within three weeks of entry of an Order on this Motion, Life for Relief shall submit to Plaintiff a request for costs with supporting evidence;

2. If the Parties cannot agree on those costs within four weeks from the date Life Relief submits its costs and supporting evidence to Plaintiff, the Parties shall submit a single, joint filing to the Court setting forth their respective positions on costs;

3. The stay will remain in effect until Plaintiff pays the costs agreed to by the Parties, or until the Court enters an order resolving the issue of costs.

Alternatively, if the Court determines a stay to resolve Life for Relief's costs under Rule 41(d) is not warranted, Life for Relief requests that the Court set the time for Life for Relief to respond to Plaintiff's complaint to thirty (30) days from the date the Court enters its order on this Motion.

Dated: November 7, 2019          Respectfully submitted,

By: */s/ Jacob D. Koering*

Thomas W. Cranmer (P25252)
Matthew P. Allen (P57914)
**MILLER, CANFIELD,
 PADDOCK AND STONE, P.L.C.**
840 West Long Lake Road, Suite 150
Troy, Michigan 48098
Telephone: (248) 879-2000
Facsimile: (248) 879-2001
E-Mail: cranmer@millercanfield.com
E-Mail: allen@millercanfield.com

Jacob D. Koering
**MILLER, CANFIELD,
 PADDOCK AND STONE, P.L.C.**
225 West Washington Ave., Suite 2600
Telephone: (312) 460-4272
Facsimile: (312) 460-4201
E-Mail: koering@millercanfield.com

*Attorneys for Defendant
Life for Relief and Development*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 7, 2019, I caused a true and correct copy of the foregoing **LIFE FOR RELIEF AND DEVELOPMENT'S MOTION AND BRIEF TO STAY OR IN THE ALTERNATIVE TO SET A TIME TO RESPOND TO THE COMPLAINT** to be served on all counsel of record via the CM/ECF filing system of the Eastern District of Michigan.

*/s/ Jacob D. Koering*